UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>CANKU MARTINEZ,<br><br>Defendant. | 3:24-CR-30008-ECS<br><br><br>OPINION AND ORDER ON MOTIONS IN LIMINE |

A grand jury indicted Canku Martinez ("Defendant") with two counts of aggravated sexual abuse, two counts of kidnapping, and one count of using and carrying a firearm during and in relation to a crime of violence. Doc. 1. Defendant has pled not guilty to the charged offenses and has exercised his right to a jury trial. On October 10, 2024, this Court held a pretrial conference and motion hearing, where it heard argument and ruled on pending pretrial motions. Doc 54. This Court now formalizes its rulings with this Opinion and Order.

I.      **Legal Standard**

Rulings on motions in limine are by their nature preliminary. United States v. Spotted Horse, 916 F.3d 686, 693 (8th Cir. 2019). They "developed pursuant to the district court's inherent authority to manage the course of trials," Luce v. United States, 469 U.S. 38, 41 n.4 (1984), and are "specifically designed to streamline the presentation of evidence and avoid unnecessary mistrials," Spotted Horse, 916 F.3d at 693. This practice helps safeguard the jury from hearing evidence so prejudicial that its mention could not be remedied through a corrective instruction. Motion in limine, Black's Law Dictionary (11th ed. 2019). Rulings on motions in

1

limine necessarily occur before the nature and relevance of the evidence can be placed in full context. See Spotted Horse, 916 F.3d at 693. Therefore, a district court has broad discretion when ruling on motions in limine and retains the authority to revisit and change its rulings based on how the case unfolds. Luce, 469 U.S. at 41–42. If this Court grants a motion in limine to exclude certain information, that information must not be mentioned during voir dire, opening statements, questioning or answering by witnesses, or closing arguments, unless counsel outside the hearing of the jury obtain a contrary ruling from this Court.

## II.   Discussion

### A. The United States' Notice of Rule 404(b) and 413 Other Acts Evidence

The United States filed a Notice of Intent to Offer Evidence pursuant to Federal Rules of Evidence 404(b) and 413. Doc. 38. Defendant, in response, filed a Motion to Exclude Other Acts Evidence. Doc. 44.

The United States seeks to introduce testimonial evidence of Defendant's alleged sexual assaults of J.H., V.C., D.R., S.S., and A.W. Doc. 38. The United States claims these assaults or attempted assaults are admissible under Rule 413 because they are relevant to the charged aggravated sexual abuse charges against Defendant. Doc. 39. In the alternative, it contends this evidence is admissible under Rule 404(b). Id. The United States also seeks to prove Defendant possessed a firearm by introducing Defendant's call to a suicide hotlines where he stated he had a gun. The United States claims this evidence is admissible under Rule 404(b) and as *res gestae*. Docs. 38, 39. Finally, the United States seeks to introduce evidence of Defendant's flight after the crimes alleged in the Indictment. Doc. 39.

Defendant seeks to exclude the sexual propensity evidence. Doc. 45. Defendant claims the United States' proffered testimonies do not qualify as sexual assaults and are inadmissible

2

under Rule 413.  Id.  Defendant maintains that, even if these are alleged sexual assaults, they are

irrelevant to the conduct charged in the Indictment and should be excluded under Rule 403.  Id.

He also claims the United States' alternative ground to admit the evidence under Rule 404(b)

fails as the United States does not specify a non-propensity purpose for admitting these

allegations.  Id.  Defendant lastly asserts the United States need not introduce the details

surrounding a July 14, 2023, phone call Defendant made to a suicide hotline, which ultimately

ended in Defendant being found in possession of a firearm.  Id.  Defendant contends this is

unnecessary and prejudicial.  In order to eliminate any prejudice, Defendant will stipulate he

"owned and possessed a firearm at the time of Keely Bordeaux's allegations."  Id.

### 1.  Sexual Assault Allegations

Evidence of prior crimes, wrongs, or acts may be admissible to prove the defendant's

"motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack

of accident."  Fed. R. Evid. 404(b)(2).  "Evidence of prior bad acts [though] is generally not

admissible to prove a defendant's character or propensity to commit crime."  United States v.

Keys, 918 F.3d 982, 986 (8th Cir. 2019) (citing Fed. R. Evid. 404(b)).  This general rule against

propensity evidence is altered in sexual assault cases under Rule 413, which allows evidence of

defendant's prior sexual assaults to be considered for any "relevant [matter], including the

defendant's propensity to commit such offenses."  United States v. Gabe, 237 F.3d 954, 959 (8th

Cir. 2001).

"Sexual assault" is defined in Rule 413 as any crime under federal or state law involving:

**(1)** any conduct prohibited by 18 U.S.C. chapter 109A[1];

---

[1] "Aggravated sexual abuse," "sexual abuse," and "abusive sexual contact" are all conduct
prohibited under chapter 109A.  See 18 U.S.C. §§ 2241, 2242, 2244.  "Sexual contact" in this
chapter is defined as "intentional touching, either directly or through the clothing, of the
genitalia, anus, groin, breast, inner thigh, or buttocks of any person with an intent to abuse,

**(2)** contact, without consent, between any part of the defendant's body — or an object — and another person's genitals or anus;

**(3)** contact, without consent, between the defendant's genitals or anus and any part of another person's body;

**(4)** deriving sexual pleasure or gratification from inflicting death, bodily injury, or physical pain on another person; or

**(5)** an attempt[2] or conspiracy to engage in conduct described in subparagraphs (1)-(4).

Fed. R. Evid. 413(d).  "A prior sexual assault is relevant to a charged offense if it is 'committed in a manner similar to the charged offense.'"  Keys, 918 F.3d at 986 (quoting United States v. Crow Eagle, 705 F.3d 325, 327 (8th Cir. 2013)).

If Rule 413 evidence is relevant, its "admissibility hinges on whether the testimony's probative value is substantially outweighed by one or more of the factors enumerated in Rule 403."  United States v. Never Misses A Shot, 781 F.3d 1017, 1027 (8th Cir. 2015).  Rule 403 allows the court to "exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading

---

humiliate, harass, degrade, or arouse or gratify the sexual desire of any person." § 2246(3)  "Sexual acts" in this chapter are defined as:

> **(A)** contact between the penis and the vulva or the penis and the anus, and for purposes of this subparagraph contact involving the penis occurs upon penetration, however slight;
> **(B)** contact between the mouth and the penis, the mouth and the vulva, or the mouth and the anus;
> **(C)** the penetration, however slight, of the anal or genital opening of another by a hand or finger or by any object, with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person; or
> **(D)** the intentional touching, not through the clothing, of the genitalia of another person who has not attained the age of 16 years with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person.

§ 2246(2)(A)-(D).
[2] "An attempt requires both an intent to commit the predicate offense, and a 'substantial step' toward its completion."  United States v. Larive, 794 F.3d 1016, 1019 (8th Cir. 2015) (citing United States v. Blue Bird, 372 F.3d 989, 993 (8th Cir. 2004)).

the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. Most relevant Rule 413 evidence "is prejudicial 'for the same reason it is probative—it tends to prove [the defendant's] propensity to [sexually assault women].'" Keys, 918 F.3d at 986 (quoting Gabe, 237 F.3d at 960). The Eighth Circuit has "repeatedly held that, under Rule 413, that is not 'unfair prejudice.'" Id. (citing United States v. Horn, 523 F.3d 882, 888 (8th Cir. 2008)).

In short, the Court must first determine whether there is a sexual assault as defined under Rule 413. If there is, the Court must then determine whether the prior sexual assault is relevant by deciding whether the prior assault and assault alleged in the Indictment were committed in a similar manner. Finally, if the prior assault is relevant, the Court must weigh the probative and prejudicial value of the evidence under Rule 403.

### a. J.H.

The United States first seeks to admit the testimony of J.H., who alleges Defendant has "placed his hand on her upper thigh, and slid it up her leg towards her groin" multiple times. Doc. 38. This conduct qualifies as a sexual assault or attempted sexual assault under Rule 413(d).[3] The Court, however, finds this incident is not relevant here because the grabbing of the upper thigh as alleged by J.H. was not "committed in a manner similar to the charged offense[s]." Keys, 918 F.3d at 986 (quoting Crow Eagle, 705 F.3d at 327).

---

[3] "Sexual contact" includes an "intentional touching, either directly or through the clothing, of the . . . groin . . . [or] inner thigh . . . of any person with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person." 18 U.S.C. § 2246(3). "Abusive sexual contact" prohibits sexual contact with another person without that persons consent. See 18 U.S.C. §§ 2242(3), 2244(a)(2). In the situation involving J.H., the proffered evidence, if anything, is a sexual contact as 18 U.S.C. § 2246(3). Under Rule 413(d), "sexual assault" includes any conduct prohibited by 18 U.S.C. chapter 109A.

This Court also finds the evidence is inadmissible under Rule 404. The United States does not specify or explain the non-propensity purpose of any of the noticed prior sexual acts. And even if it did, the Court finds this prior incident is too prejudicial and must be excluded under Rule 403. See United States v. Blue Bird, 372 F.3d 989, 994 (8th Cir. 2004) ("[T]he inflammatory potential inherent in the sexual nature of prior sexual bad acts cannot be considered in the case of evidence admissible under Rule 413, no such Congressional choice limits the scope of Rule 403 balancing for evidence otherwise admissible under Rule 404(b)." (cleaned up)). Thus, Defendant's motion to exclude J.H.'s testimony is granted.

### b. V.C.

V.C. claims she was in a romantic relationship with Defendant. Doc. 38. She claims one night that she invited Defendant to stay with her at her residence. Id. She contends later that night Defendant "got on top of her and began trying to touch her all over her body and forcibly kiss her." Id. She claims he eventually stopped and went to bed. Id. The next morning, while V.C. was sitting next to Defendant, she alleges Defendant got on top of her, held her shoulders down, rubbed his groin against her, tried to touch her, and attempted to pull her clothes off. Id. She claims she told Defendant to stop and pushed him off her. Id.

Although a close call, this Court does not believe V.C.'s claims qualify as "sexual contact" under 18 U.S.C. § 2246(3) based on Eighth Circuit case law. In United States v. Blue Bird, 372 F.3d 989 (8th Cir. 2004), the defendant approached a minor on the couch, "held her hand, rubbed her stomach, pushed her t-shirt up to just below her breasts, kissed her, and said, 'Let's do it.'" Id. at 992. The minor testified the defendant desisted, however, when she told him was not interested. Id. Based on these facts, the Eighth Circuit held no attempted sexual act or

6

contact occurred and that "[defendant] at most merely solicited some kind of sexual contact." Id. at 993.

Like the victim in Blue Bird, V.C alleges Defendant kissed and touched her. There is also no specific statement in the United States' written proffer alleging that Defendant touched V.C.'s genitalia, anus, groin, breast, inner thigh, or buttocks. In addition, Defendant's conduct towards V.C. stopped before a sexual assault occurred. And even if Defendant's conduct were a sexual assault under Rule 413, it is not relevant because it was not "committed in a manner similar to the charged offense[s]." Keys, 918 F.3d at 986 (quoting Crow Eagle, 705 F.3d at 327). Accordingly, the Court finds Defendant's conduct is not admissible under Rule 413. Id. The conduct also does not qualify under Rule 404(b) for the reasons mentioned above. Thus, Defendant's motion to exclude V.C.'s testimony is granted.

### c.  D.R.

The United States seeks to introduce D.R.'s testimony that Defendant "would try to touch and kiss her" against her will and "pulled her toward him and attempted to forcibly kiss her." Doc. 38. This conduct is not a qualifying sexual assault under Rule 413 because it is not a sexual act or contact under 18 U.S.C. §§ 2246(2), (3). The conduct also does not qualify under Rule 404(b) for the reasons mentioned above. Thus, Defendant's motion to exclude D.R.'s testimony is granted.

### d.  S.S.

The United States next seeks to introduce S.S.'s testimony that, while she was riding on a bus home from school with Defendant, he began masturbating and touched her leg. Doc. 38. This Court finds this conduct does not qualify as a sexual assault under Rule 413. The conduct

also does not qualify under Rule 404(b) for the reasons mentioned above.  Thus, Defendant's

motion to exclude D.R.'s testimony is granted.

> e.  **A.W.**

The United States seeks to introduce testimony from A.W. regarding sexual assaults she

alleges Defendant committed against her in September and October of 2023.  Doc. 38.

According to the United States, A.W. was in a romantic relationship with Defendant from July

2023 through December 2023.  Id.  In September 2023, A.W. was living in Nebraska and

Defendant was staying with her at the time.  Id.  On one occasion in September 2023, A.W. and

Defendant were "drinking and arguing" in a bathroom.  Id.  A.W. claims she tried to leave the

bathroom, but Defendant blocked the door and did not allow her to leave.  Id.  Defendant then

allegedly "bent her over the toilet and forcibly penetrated her anally."  Id.  Thereafter, in October

2023, A.W. claims Defendant forced her to perform oral sex on two separate occasions.  Id.  The

United States contends this evidence is admissible under Federal Rules of Evidence 404(b) and

413.

Defendant objects to the admission of this proffered evidence, arguing this Court should

exclude it pursuant to Federal Rule of Evidence 403 because the allegations "are not sufficiently

credible or reliable to be admitted in this case."  Doc. 45.  In assessing the credibility of A.W.'s

testimony, Defendant claims this Court should adopt the analysis used by the Tenth Circuit in

Seeley v. Chase, 443 F.3d 1290, 1294–95 (10th Cir. 2006).  In Seeley, the court explained the

balancing test required under Rule 403 in the context of Rule 413 evidence.  The court instructed

that district courts should "make a preliminary finding that a jury could reasonably find by a

preponderance of evidence that the 'other act' occurred."  Id. at 1295.  The court also instructed

that district courts should consider multiple factors when applying Rule 403 to evidence

proffered pursuant to Rule 413. These factors include how clearly the prior act has been proved, how probative the evidence is of the material fact, how seriously disputed the material fact is, and whether the United States "can avail itself of any less prejudicial evidence." Id.

This Court is unaware of any Eighth Circuit precedent following the Tenth Circuit's standard in Seeley. In the Eighth Circuit, after a district court finds Rule 413 evidence relevant, "admissibility hinges on whether the testimony's probative value is substantially outweighed by one or more of the factors enumerated in Rule 403." United States v. Oldrock, 867 F.3d 934, 938 (8th Cir. 2017) (quoting Never Misses A Shot, 781 F.3d at 1027).

Here, the Court has considered the written proffer provided by the United States regarding A.W.'s testimony. The Court finds the United States' proffered Rule 413 evidence to be relevant. There are multiple similarities between the offenses alleged in this case and A.W.'s allegations of sexual assault. All the allegations include the use of force and sexual assault. In the September 2023 incident, Defendant allegedly blocked the door and did not allow her to leave the bathroom. A.W. contends she tried to leave, but was not allowed to do so. Further, the October 2023 incidents with A.W. and Defendant involve forced oral sex, which is also a component of the crimes alleged in this case. Thus, the Court finds enough similarities exist between the offenses charged and the facts proffered about A.W.'s anticipated testimony for her testimony to be admissible under Rule 413.

Further, as noted during the hearing, this Court is the judge of the law for the upcoming trial. The jury is the judge of the facts. This Court is aware of its obligation under Federal Rule of Evidence 104(b), which provides "[w]hen the relevance of evidence depends on whether a fact exists, proof must be introduced sufficient to support a finding that the fact does exist." Fed. R. Evid. 104(b). "In making this determination, the court does not weigh the evidence or make

credibility determinations, but instead 'simply examines all the evidence in the case and decides whether the jury could reasonably find the conditional fact . . . by a preponderance of the evidence.'" Oldrock, 867 F.3d 934 at 938 (quoting United States v. Armstrong, 782 F.3d 1028, 1034–35 (8th Cir. 2015)).

Based upon the Government's evidence proffer, a jury could find Defendant sexually assaulted A.W.  Indeed, it is ultimately for the jury to decide whether it finds A.W.'s testimony credible.  Appropriate limiting instructions will be given during trial regarding A.W.'s testimony, but this Court believes her testimony is relevant.

This Court also does not believe A.W.'s testimony should be excluded pursuant to Rule 403.  It does not believe the probative value of A.W.'s proffered testimony is substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.  Instead, the evidence is highly probative because it involves conduct similar to the offenses charged in this case.  The evidence is not substantially outweighed by any danger of prejudice.

There is also a "strong legislative judgment that evidence of prior sexual assault offenses should ordinarily be admissible." United States v. Crawford, 413 F.3d 873, 876 (8th Cir. 2005) (quoting United States v. LeCompte, 131 F.3d 767, 769 (8th Cir. 1997)).  This Court finds that A.W.'s proffered testimony is admissible under Rules 404(b) and 413.  Like all pretrial rulings, however, the Court reserves the right to change this ruling at trial based on the receipt of additional information.

### 2.  Firearm Possession

The United States noticed its intent to offer Defendant's call to a suicide hotline on July 14, 2023, where Defendant stated he was suicidal and had a gun.  Doc. 38.  After receiving

notification of this call, a law enforcement officer checked on Defendant and transported him to the Rosebud IHS Hospital. Id. There, a urinalysis test was performed revealing a presence of cocaine in Defendant's system. Id. At the pretrial conference, the United States conveyed it also seeks to introduce all of the details of this incident including the presence of cocaine in Defendant's system. The United States claims this evidence "is admissible as res gestae, and is also admissible pursuant to Rule 404(b), as it is proof of motive, opportunity, intent, and absence of mistake as to the Defendant's possession of a pistol during the alleged conduct against Keely Bordeaux on April 28, 2023." Doc. 39.

Defendant claims this evidence is not relevant under Rule 401. Doc. 45. Defendant also makes a public policy argument about the potential consequences of admitting evidence from a suicide hotline. Id. Defendant claims there are less prejudicial ways to get the firearm into evidence. Id. Accordingly, Defendant stipulated to owning the firearm during the relevant timeframes and that the firearm introduced into evidence by the United States is his. See Doc. 56.

"Res gestae, also known as intrinsic evidence, is 'evidence of wrongful conduct other than the conduct at issue . . . offered for the purpose of providing the context in which the charged crime occurred.'" United States v. Campbell, 6 F.4th 764, 771 (8th Cir. 2014) (alterations in original) (quoting United States v. Johnson, 463 F.3d 803, 808 (8th Cir. 2006)). "Such evidence is admitted [to] . . . complete[] the story or provide[] a total picture of the charged crime." Id. (alterations in original). "Unlike evidence admitted under Rule 404(b), pertaining to distinct prior acts, intrinsic evidence relates to crimes that are so blended or connected with the ones on trial as that proof of one incidentally involves the other." Id. (quoting United States v. Luna, 94 F.3d 1156, 1162 (8th Cir. 1996)). Here, the later act is not so

blended with the alleged offenses in Counts I–III, which occurred almost three months before this call. The noticed evidence is better defined as a subsequent act more suitable for analysis under Rule 404(b).

The United States does not specify the particular non-propensity purpose they plan to use the noticed evidence for under Rule 404(b). And after reviewing the evidence noticed here, the Court finds it is irrelevant under Rule 401. And the Court finds that, even if the evidence is relevant, it is unfairly prejudicial under Rule 403—especially given Defendant's stipulation regarding his firearm. See Old Chief v. United States, 519 U.S. 172, 191 (1997) ("For purposes of the Rule 403 weighing of the probative against the prejudicial, the functions of the competing evidence are distinguishable only by the risk inherent in the one and wholly absent from the other."). Thus, Defendant's motion to exclude the suicide hotline call, firearm, and cocaine is granted. The Court will, however, read Defendant's stipulation to the jury where he admits possessing a firearm during the relevant time.

### 3. Defendant's Flight

The United States also noticed its intent to introduce evidence of Defendant's flight after the offenses contained in the Indictment as consciousness of Defendant's guilt. Doc. 39. Defendant did not object to the evidence at the pretrial conference. Instead, Defendant claimed the United States should be able to elicit testimony on Defendant's whereabouts during and after the allegations of the crimes alleged. He, however, claimed that a jury instruction regarding Defendant's flight and consciousness of guilt is a matter to be fleshed out during the settling of the jury instructions. The Court agrees. Accordingly, the United States may elicit testimony from witnesses regarding Defendant's location and movements surrounding the allegations in the Indictment.

### B.  The United States' Motions in Limine

The United States' Motion in Limine, Doc. 50, has thirteen subparts and seeks (1) to exclude plea negotiations; (2) to exclude offers to stipulate; (3)  to exclude undisclosed defense exhibits; (4) to exclude reference to penalty or punishment or Defendant's background; (5) to exclude mention of felony charges; (6) to exclude reference to Defendant's health; (7) to exclude opining on guilt or innocence; (8) to exclude exculpatory hearsay by Defendant; (9) to sequester the witnesses; (10) to prohibit credibility attack on the victim's testimony; (11) to preclude introduction of specific instances of conduct of the victims; (12) to preclude specific instances of conduct of Defendant; and (13) to preclude evidence of the victims' sexual behavior.

### 1.  Plea Negotiations

Under subpart one, the United States seeks to preclude reference to any negotiations that might have taken place.  Doc. 51.  Defendant does not object.  Therefore, subpart one of the United States' Motion in Limine is granted.

### 2.  Offers to Stipulate

Under subpart two, the United States seeks to preclude references to stipulations unless they have been approved by this Court.  Id.  Defendant does not object.  Therefore, subpart two of the United States' Motion in Limine is granted.

### 3.  Undisclosed Defense Exhibits

Under subpart three, the United States seeks to preclude references to undisclosed defense exhibits.  Id.  Defendant agreed to abide by Rule 16 and the parties' reciprocal discovery obligations.  Therefore, subpart three of the United States' Motion in Limine is granted.  The parties shall conform with the dictates of Rule 16 and its reciprocal discovery requirements.

### 4. References to Punishment and Defendant's Personal Background.

Under subpart four, the United States moves to preclude any reference to the possible penalty or punishment Defendant will face if convicted of the crimes charged.  Id.  The United States argues that permitting the jury to hear information about what penalty or punishment Defendant faces would be improper and only confuse the jury.  Id.  Defendant does not object to this portion of the motion.  The United States also seeks to prevent Defendant from referencing his "age, family circumstances, finances, or other non-pertinent aspects of Defendant's personal background."  Id.  Defendant objects to this portion of the United States' motion asserting the motion is overbroad as context is needed to determine whether the Defendant's background is relevant.  The Court tends to agree but finds there is likely no scenario where Defendant's finances are relevant to the allegations.  Accordingly, defense counsel may generally bring up background information about Defendant during trial, but shall not bring up anything related to Defendant's finances without seeking leave of Court.  With that caveat, subpart four of the United States' Motion in Limine is granted.

### 5. Reference to Felony Charges

Under subpart five, the United States seeks to prevent Defendant's reference to the charges against him as felonies or the consequences that could flow from a felony conviction. Id.  Defendant does not object.  Accordingly, subpart five of the United States' Motion in Limine is granted.

### 6. References to Defendant's Health

Under subpart six, the United States seeks to preclude evidence of Defendant's current physical or mental health.  Id.  The United States contends such evidence is irrelevant under Rule

14

401. Id. Defendant does not object. Accordingly, subpart six of the United States' Motion in Limine is granted.

### 7. Opining on Guilt or Innocence

Under subpart seven, the United States seeks to preclude any opinions on Defendant's guilt or innocence. Id. The United States claims such evidence is irrelevant. Id. Defendant objects on grounds the motion is overbroad.

Evidence expressing an opinion on a defendant's innocence or guilt "invades the province of the jury" and is inadmissible. See United States v. Thirion, 813 F.2d 146, 156 (8th Cir. 1987) (reasoning that a government witness's opinion that defendant was innocent "is not truly exculpatory evidence because it is inadmissible as it invades the province of the jury"); Wesson v. United States, 164 F.2d 50, 55 (8th Cir. 1947) ("And any such unnecessary opinion evidence in a criminal case that will inescapably be a plain expression of the witness's opinion of the defendant's guilt . . . should be scrupulously avoided."). Therefore, neither Defendant, the attorneys, nor any witnesses may opine on the guilt or innocence of Defendant. This, of course, does not preclude Defendant or his attorney from arguing whether the evidence presented at trial does or does not establish guilt beyond a reasonable doubt, nor does it preclude Defendant from testifying or arguing that he is innocent of the offenses charged. With this caveat, subpart seven of the United States' Motion in Limine is granted.

### 8. Exculpatory Hearsay

In subpart eight, the United States seeks to prevent Defendant from admitting into evidence his own self-serving out-of-court statements. Doc. 51. The United States claims such statements are inadmissible hearsay. Id. Defendant objects to the motion as overbroad claiming some of Defendant's statements could be admitted if they satisfy a hearsay exception.

15

Unless an exception otherwise applies, a defendant's out-of-court statements, if offered by the defendant to prove the truth of the matter asserted, are inadmissible as hearsay. Fed. R. Evid. 801(c)–(d); see United States v. Waters, 194 F.3d 926, 931 (8th Cir. 1999) (holding that the defendant could not admit his own out-of-court statements to FBI agent, even though they were consistent with the defendant's plea of not guilty, because they were inadmissible hearsay); United States v. White Horse, 177 F. Supp. 2d 973, 977 (D.S.D. 2001) (reasoning that defendant's statements to a doctor were inadmissible hearsay because they were offered by the defendant and were not offered under the exception for statements made for the purpose of diagnosis or treatment). And a defendant cannot elicit their own exculpatory hearsay statements through the cross-examination of other witnesses. See United States v. Love, 521 F.3d 1007, 1009 (8th Cir. 2008) (affirming district court's ruling to sustain objection to the defendant asking a question on cross-examination that "sought to introduce into evidence an exculpatory statement" the defendant made to law enforcement). Accordingly, any out-of-court statement made and offered by Defendant to prove the truth of the matter asserted is inadmissible unless Defendant can show that the statement is admissible under an exception to the rule against hearsay.

That said, Defendant's out-of-court statements that are admissions against material interest are admissible, Fed. R. Evid. 801(d)(2), and Defendant may seek to introduce under the rule of completeness Defendant's other statements that accompanied the admissions against interest. Fed. R. Evid. 106 ("If a party introduces all or part of a statement, an adverse party may require introduction, at that time, of any other part—or any other statement—that in fairness ought to be considered at the same time. The adverse party may do so over a hearsay objection."). But see United States v. McDaniel, 398 F.3d 540, 545 (6th Cir. 2005) (explaining

that Rule 801(d)(2) "does not extend to a party's attempt to introduce his or her own statements through the testimony of other witnesses"); United States v. Roberts, 86 F.4th 1183, 1188 (8th Cir. 2023) ("Rule 106 'does not empower a court to admit unrelated hearsay in the interest of fairness and completeness when that hearsay does not come within a defined hearsay exception.'" (quoting United States v. Ramos-Caraballo, 375 F.3d 797, 803 (8th Cir. 2004))); see also United States v. Edwards, 159 F.3d 1117, 1127 (8th Cir. 1998) (explaining that the rule of completeness is violated only when the admitted out-of-court statement has been edited and "effectively distorts the meaning of the statement or excludes information substantially exculpatory of [a] nontestifying defendant"). Accordingly, subpart eight of the United States' Motion in Limine is granted with the understanding that Defendant's statements can come in if they satisfy one of the above hearsay exceptions.

### 9. Sequestration of Witnesses

Under subpart nine, the United States seeks to sequester all witnesses except for one investigator each for the United States and Defendant. Doc. 51. Defendant does not object to this request. Doc. 33.

"The purpose of sequestration is to prevent witnesses from tailoring their testimony to that of prior witnesses and aid in the detection of dishonesty." United States v. Engelmann, 701 F.3d 874, 877 (8th Cir. 2012) (citation omitted). However, "Federal Rule of Evidence 615(2) states that [sequestration orders] do[] not authorize the exclusion of 'an officer or employee of a party which is not a natural person designated as its representative by its attorney." United States v. Sykes, 977 F.2d 1242, 1245 (8th Cir. 1992) (citing Fed. R. Evid. 615(2)). Thus, "case agents [can] remain at counsel table through the trial." Id. (citing Fed. R. Evid. 615 judiciary committee's notes). And "the decision whether to allow the government's agent to testify even

though the agent sits at the counsel table throughout the trial is left to the trial court's discretion."
Engelmann, 701 F.3d at 877 (cleaned up and citation omitted).  Accordingly, subpart nine of the
United States' Motion in Limine is granted and the witnesses, aside from one investigator for
each side, shall be sequestered.

### 10. Credibility or Believability of the Victims

Under subpart ten, the United States seeks to bar any question, comment, reference, or
evidence relating to the credibility or believability of the alleged victim's allegations in the
Indictment.  Defendant objects.

In support of their motion, the United States cites United States v. Azure, 801 F.2d 336,
341 (8th Cir. 1986) (reversing trial court's admission of expert testimony opining on the
believability of a child sexual assault victim's testimony).  The credibility of witnesses is the
jury's domain.  Azure, 801 F.2d at 340 (stating "the jury is the lie detector in the courtroom"
(quoting United States v. Barnard, 490 F.2d 907, 912 (9th Cir. 1973))).  But a witness's
credibility is often an important aspect of criminal trials.  4 Weinstein's Federal Evidence §
608.02 (Westlaw 2024).  Therefore, the Federal Rules of Evidence permit the parties to impeach
a witness's character for truthfulness.  See Fed. R. Evid. 608.  Under Rule 608(a), "[a] witness's
credibility" for truthfulness may be attacked by reputation or opinion testimony about the
witness's character for untruthfulness.

However, as Azure illustrates, such testimony is admissible only if its scope is limited to
a witness's character for truthfulness.  Azure, 801 F.2d at 341 (discussing Fed. R. Evid.
608(a)).  Evidence "address[ing] the specific believability [or] truthfulness of [a witness's] story"
is inadmissible.  Id. (concluding that a pediatrician's "opinion as to the truth of the story of a
victim of child sexual abuse" was inadmissible for exceeding the scope of "character for

truthfulness"); see United States v. Nazarenus, 983 F.2d 1480, 1486 (8th Cir. 1993) (stating evidence not relating to a witness's "character for truthfulness" was "plainly inadmissible"). Additionally, the admission of testimony attacking a witness's character for truthfulness remains subject to Rule 403. Thus, evidence that encourages jurors to surrender their duty to weigh evidence and judge credibility or that increases the risk of mini trials on collateral issues will not be admitted. See Fed. R. Evid. 403 (allowing courts to "exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . confusing the issues, misleading the jury, . . . [or] wasting time").

Accordingly, subpart ten of the United States' Motion in Limine is granted to the extent that testimony addressing the credibility or believability of the victim's allegations in the Indictment will not be admitted, but testimony of the victim's character for untruthfulness may be admissible if it complies with Rules 608 and 403.

### 11. Specific Instances of Conduct of the Victims

Under subpart eleven, the United States seeks an order precluding the admission of specific instances of conduct by the United States' witnesses to prove character. Doc. 51. Defendant objects to the motion as overbroad and claims the parties must simply follow the Federal Rules of Evidence.

Generally, "[e]vidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait." Fed. R. Evid. 404(a)(1). However, "[w]hen a person's character or character trait is an essential element of a charge, claim, or defense, the character or trait may also be proved by relevant specific instances of the person's conduct." Fed. R. Evid. 405(b). But specific instances of conduct are not admissible as extrinsic evidence to attack a witness's character for truthfulness unless those

specific instances are a prior criminal conviction. See Fed. R. Evid. 608(b) (excluding extrinsic evidence other than prior convictions but allowing inquiry into specific instances of conduct on cross-examination); Fed. R. Evid. 609 (impeachment by prior conviction).

Accordingly, this Court grants subpart eleven of the United States' Motion in Limine to the extent that the parties must comply with the Federal Rules of Evidence.

### 12. Specific Instances of Conduct of the Defendant

Under subpart twelve, the United States seeks to preclude specific acts of Defendant's prior good conduct. Doc. 51. Defendant objects to the motion as overbroad and claims the parties must simply follow the Federal Rules of Evidence. For the reasons mentioned in subpart eleven, this Court grants subpart twelve of the United States' Motion in Limine to the extent that the parties must comply with the Federal Rules of Evidence.

### 13. Victims' Sexual Behavior Evidence

Lastly, in subpart thirteen, the United States requests an order barring any reference to or comment on the victims' prior sexual conduct under Federal Rule of Evidence 412. Defendant does not object. Accordingly, this Court grants subpart thirteen of the United States' Motion in Limine. The Court, however, acknowledges defense counsel's statement at the recent pretrial conference hearing that he may file additional motions based on the receipt of new evidence. The Court will address those motions when, and if, they are filed.

### C. The United States' Motion to Accommodate and Protect Child Witness

The United States filed a Motion to Accommodate and Protect Child Witnesses. Doc. 52. The United States will call a minor, who is 17 years old, that is an alleged victim. Id. The United States requests: (1) a child oath be administered to the minor; (2) the parties ask age appropriate questions; (3) a support person be available during their testimony and that the minor

has regular breaks; (4) the parties refer to the minor by a pseudonym; (5) the courtroom be sealed during the minor's testimony; and (6) the images of the sexual assault examination of the minor not be visible to the public in the gallery.  Defendant only objected to the United States' request to the extent that their motion sought to have a support person sit directly next to the minor victim during their testimony.

Given the minor's age (17), and for the reasons set forth on the record at the pretrial conference, this Court grants the United States' Motion to Accommodate and Protect Child Witnesses, Doc. 52, to the extent that it seeks to seal the courtroom during the minor's testimony. Further, the Court will prevent sensitive images from being displayed to the public.  As for the United States' other requests, the minor will receive the regular oath unless the United States can show a different oath is needed.  The Court expects all parties to conduct themselves professionally when examining the minor witness and to object if appropriate during the testimony.  The Court will allow a support person in the courtroom during the minor's testimony but will not preliminarily allow the witness's support person to sit by them during the extent of their testimony.  If the United States believes more support is necessary, it can bring up the issue to the Court if the need arises.  Finally, the minor will be addressed by their full name during the proceedings but these references will be changed to the minor's initials in any transcript prepared from the trial.

### III.   Conclusion

Therefore, for good cause, it is hereby

ORDERED that the United States' Notice of Intent to Offer Evidence pursuant to Federal Rules of Evidence 404(b) and 413, Doc. 38, is granted in part and denied in part to the extent explained above.  It is further

ORDERED that Defendant's Motion to Exclude Other Acts Evidence, Doc. 44, is granted in part and denied in part to the extent explained above.  It is further

ORDERED that the United States' Motion in Limine, Doc. 50, is granted in part and denied in part to the extent explained above.  It is finally

ORDERED that the United States' Motion to Accommodate and Protect Child Witnesses, Doc. 52, is granted in part and denied in part to the extent explained above.

DATED this *14* day of October, 2024.

BY THE COURT:

ERIC C. SCHULTE
UNITED STATES DISTRICT JUDGE

22